**F I L E D**
CLERK, U.S. DISTRICT COURT

5/11/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   BENJAMIN R. BARRON
4  Assistant United States Attorney
   Chief, Santa Ana Branch Office
5  MELISSA S. RABBANI (Cal. Bar No. 283993)
   Assistant United States Attorney
6       U.S. ATTORNEY'S OFFICE
        411 West Fourth Street, Suite 8000
7       Santa Ana, California 92701
        Telephone:  (714) 338-3500
8       Facsimile:  (714) 338-3561
        E-mail:   melissa.rabbani@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    SOUTHERN DIVISION

14 UNITED STATES OF AMERICA,        No. 2:22-cr-00198-FMO

15          Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                    PETER HAN
16             v.

17 PETER HAN,

18          Defendant.

19

20      1.   This constitutes the plea agreement between PETER HAN

21 ("defendant") and the United States Attorney's Office for the Central

22 District of California (the "USAO") in the investigation into

23 defendant's filing of false tax returns for tax years 2015 through

24 2020.  This agreement is limited to the USAO and cannot bind any

25 other federal, state, local, or foreign prosecuting, enforcement,

26 administrative, or regulatory authorities.

27                    DEFENDANT'S OBLIGATIONS

28      2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with filing a false tax return, in violation of Title 26, United States Code, Section 7206(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>PAYMENT OF TAXES OWED</u>

3.   Defendant admits that defendant received $1,640,962.25 of unreported income for tax years 2015 through 2020.  Defendant agrees that:

a.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for tax years 2015 through 2020.

b.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

c.   Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service to assess and collect the total sum of $471,155 ($14,897, $51,017, $65,459, $160,898, $65,862, and $113,022 for the defendant's tax years 2015, 2016, 2017, 2018, 2019, and 2020 respectively), which comprises the tax liabilities, as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.  Defendant will pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational errors.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

d.   Defendant will not, after signing closing agreements, file any claim for refund of taxes, penalties, or interest for amounts attributable to the tax years covered by this plea agreement.

<u>THE USAO'S OBLIGATIONS</u>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant

3

demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 15 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of filing a false tax return, in violation of Title 26, United States Code, Section 7206(1), the following must be true: (1) defendant made and signed a tax return that he knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to penalty of perjury; and (3) in filing the false tax return, defendant acted willfully.

## PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1), is: three years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional

taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States

citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From at least 2015 through 2020, defendant, a licensed general contractor residing in Corona, California, owned 70 percent of PJ Han, Inc., a construction company located in Corona, California. Defendant's brother, P.H., owned the remaining 30 percent.  PJ Han,

Inc., was incorporated in the State of California by D.K., on behalf of defendant, in or around 2009.  Throughout the relevant time period, PJ Han, Inc., was doing business as Evergreen Construction.

Evergreen Construction was the business entity defendant used to receive payments in connection with his construction business. Defendant managed the finances of Evergreen Construction, secured new projects for Evergreen Construction, secured labor for the projects, and received payment on behalf of Evergreen Construction from clients.

PJ Han, Inc., doing business as Evergreen Construction, elected to be taxed as a Subchapter S corporation.  S corporations elect to pass corporate income, losses, deductions, and credits through to their shareholders for federal tax purposes.  Shareholders of S corporations report the flow-through income and losses on their personal tax returns and are assessed at their individual income tax rates.

Defendant filed false income tax returns, using IRS Form 1120S, for PJ Han, Inc., with the IRS for tax years 2015 through 2020.  The returns were signed by defendant under penalty of perjury, and defendant signed each tax return knowing that each return substantially underreported gross receipts and total income for PJ Han, Inc.  Specifically, defendant failed to report large amounts of cashed checks he had received from clients on behalf of PJ Han, Inc., doing business as Evergreen Construction.  Between 2015 and 2020, defendant used a check cashing business located in Garden Grove, California, to cash over $1.6 million in checks received from clients of Evergreen Construction.  For tax years 2015 through 2020, defendant reported a total of only $10,242,380 in gross receipts for

PJ Han, Inc., when the gross receipts were actually over $11.8 million.

In particular, on or about January 31, 2016, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2015 IRS Form 1120S – United States Income Tax Return for an S Corporation – for PJ Han, Inc., which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be true and correct as to every material matter.  Defendant filed the tax return with the IRS, and reported $1,064,277 in gross receipts from PJ Han, Inc., knowing that the correct figure should be $1,121,277.  The underreported gross receipts for PJ Han, Inc., flowed through to defendant's individual Form 1040 – United States Individual Income Tax Return – for tax year 2015.  On or about January 31, 2016, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2015 IRS Form 1040, which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be true and correct as to every material matter. The income tax return, which was filed with the IRS, reported defendant's total income as $125,986 and PJ Han, Inc.'s total income as $19,760, whereas defendant knew that defendant's total income was actually $182,986, and PJ Han, Inc.'s total income was actually $76,760, leading to a tax loss for 2015 of $14,897.

On or about March 10, 2017, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2016 IRS Form 1120S – United States Income Tax Return for an S Corporation – for PJ Han, Inc., which was verified by a

written declaration that it was made under penalty of perjury. However, defendant did not believe the tax return to be true and correct as to every material matter.  Defendant filed the tax return with the IRS, and reported $1,431,282 in gross receipts from PJ Han, Inc., knowing that the correct figure should be $1,597,582.  The underreported gross receipts for PJ Han, Inc., flowed through to defendant's individual Form 1040 – United States Individual Income Tax Return – for tax year 2016.  On or about March 10, 2017, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2016 IRS Form 1040, which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be true and correct as to every material matter.  The income tax return, which was filed with the IRS, reported defendant's total income as $103,566 and PJ Han, Inc.'s total income as $20,487, whereas defendant knew that defendant's total income was actually $269,866, and PJ Han, Inc.'s total income was actually $199,807, leading to a tax loss for 2016 of $51,017.

On or about March 1, 2018, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2017 IRS Form 1120S – United States Income Tax Return for an S Corporation – for PJ Han, Inc., which was verified by a written declaration that it was made under penalty of perjury. However, defendant did not believe the tax return to be true and correct as to every material matter.  Defendant filed the tax return with the IRS, and reported $998,652 in gross receipts from PJ Han, Inc., knowing that the correct figure should be $1,202,902.  The underreported gross receipts for PJ Han, Inc., flowed through to

defendant's individual Form 1040 – United States Individual Income Tax Return – for tax year 2017.  On or about March 15, 2018, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2017 IRS Form 1040, which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be true and correct as to every material matter.  The income tax return, which was filed with the IRS, reported defendant's total income as $164,775 and PJ Han, Inc.'s total income as $19,440, whereas defendant knew that defendant's total income was actually $369,025, and PJ Han, Inc.'s total income was actually $223,690, leading to a tax loss for 2017 of $65,459.

On or about March 5, 2019, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2018 IRS Form 1120S – United States Income Tax Return for an S Corporation – for PJ Han, Inc., which was verified by a written declaration that it was made under penalty of perjury. However, defendant did not believe the tax return to be true and correct as to every material matter.  Defendant filed the tax return with the IRS, and reported $2,852,219 in gross receipts from PJ Han, Inc., knowing that the correct figure should be $3,412,536.  The underreported gross receipts for PJ Han, Inc., flowed through to defendant's individual Form 1040 – United States Individual Income Tax Return – for tax year 2018.  On or about March 5, 2019, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2018 IRS Form 1040, which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be

true and correct as to every material matter.  The income tax return, which was filed with the IRS, reported defendant's total income as $301,583 and PJ Han, Inc.'s total income as $19,664, whereas defendant knew that defendant's total income was actually $861,900, and PJ Han, Inc.'s total income was actually $579,981, leading to a tax loss for 2018 of $160,898.

On or about March 15, 2020, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2019 IRS Form 1120S – United States Income Tax Return for an S Corporation – for PJ Han, Inc., which was verified by a written declaration that it was made under penalty of perjury. However, defendant did not believe the tax return to be true and correct as to every material matter.  Defendant filed the tax return with the IRS, and reported $2,235,827 in gross receipts from PJ Han, Inc., knowing that the correct figure should be $2,499,222.  The underreported gross receipts for PJ Han, Inc., flowed through to defendant's individual Form 1040 – United States Individual Income Tax Return – for tax year 2019.  On or about March 20, 2020, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2019 IRS Form 1040, which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be true and correct as to every material matter.  The income tax return, which was filed with the IRS, reported defendant's total income as $198,839 and PJ Han, Inc.'s total income as $14,743, whereas defendant knew that defendant's total income was actually $462,234, and PJ Han, Inc.'s total income was actually $278,138, leading to a tax loss for 2019 of $65,862.

On or about March 1, 2021, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2020 IRS Form 1120S – United States Income Tax Return for an S Corporation – for PJ Han, Inc., which was verified by a written declaration that it was made under penalty of perjury. However, defendant did not believe the tax return to be true and correct as to every material matter.  Defendant filed the tax return with the IRS, and reported $1,660,123 in gross receipts from PJ Han, Inc., knowing that the correct figure should be $2,049,823.  The underreported gross receipts for PJ Han, Inc., flowed through to defendant's individual Form 1040 – United States Individual Income Tax Return – for tax year 2020.  On or about March 1, 2021, in Los Angeles County, within the Central District of California, defendant willfully made and subscribed to a 2020 IRS Form 1040, which was verified by a written declaration that it was made under penalty of perjury.  However, defendant did not believe the tax return to be true and correct as to every material matter.  The income tax return, which was filed with the IRS, reported defendant's total income as $272,968 and PJ Han, Inc.'s total income as $18,551, whereas defendant knew that defendant's total income was actually $662,668, and PJ Han, Inc.'s total income was actually $408,251, leading to a tax loss for 2020 of $113,022.

Defendant's actions listed above caused a total tax loss of $471,155 and were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident, or other innocent reason.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's

12

sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                18      [U.S.S.G. §§ 2T1.1(a)(1),
                                                    2T4.1(G)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant

14

is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 18 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

15

claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing

16

factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____                    5/5/2022
MELISSA S. RABBANI                           _____
Assistant United States Attorney             Date

_____                    3/18/2022
PETER HAN                                    _____
Defendant                                    Date

_____                    3/18/2022
JOSHUA KO                                    _____
Attorney for Defendant PETER HAN             Date


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.

18

1  I have discussed the evidence with my attorney, and my attorney has
2  advised me of my rights, of possible pretrial motions that might be
3  filed, of possible defenses that might be asserted either prior to or
4  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
5  of relevant Sentencing Guidelines provisions, and of the consequences
6  of entering into this agreement.  No promises, inducements, or
7  representations of any kind have been made to me other than those
8  contained in this agreement.  No one has threatened or forced me in
9  any way to enter into this agreement.  I am satisfied with the
10 representation of my attorney in this matter, and I am pleading
11 guilty because I am guilty of the charge and wish to take advantage
12 of the promises set forth in this agreement, and not for any other
13 reason.

PETER HAN
Defendant

03/18/22
Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

19     I am Peter Han's attorney.  I have carefully and thoroughly
20 discussed every part of this agreement with my client.  Further, I
21 have fully advised my client of his rights, of possible pretrial
22 motions that might be filed, of possible defenses that might be
23 asserted either prior to or at trial, of the sentencing factors set
24 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
25 provisions, and of the consequences of entering into this agreement.
26 To my knowledge: no promises, inducements, or representations of any
27 kind have been made to my client other than those contained in this
28 agreement; no one has threatened or forced my client in any way to

1   enter into this agreement; my client's decision to enter into this

2   agreement is an informed and voluntary one; and the factual basis set

3   forth in this agreement is sufficient to support my client's entry of

4   a guilty plea pursuant to this agreement.

5

6   _____          3/10/2022
    JOSHUA KO                                  _____
    Attorney for Defendant PETER HAN           Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                   FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                              SOUTHERN DIVISION

11   UNITED STATES OF AMERICA,           No.

12           Plaintiff,                  I N F O R M A T I O N

13           v.                          [26 U.S.C. § 7206(1): Subscribing
                                         to a False Tax Return]
14   PETER HAN,

15           Defendant.

16

17       The United States Attorney charges:

18                          [26 U.S.C. § 7206(1)]

19       On or about March 5, 2019, in Los Angeles County, within the

20   Central District of California, and elsewhere, defendant PETER HAN

21   willfully made and subscribed to a materially false U.S. Individual

22   Income Tax Return, Form 1040, for calendar year 2018, which was

23   verified by a written declaration that it was made under the

24   penalties of perjury, which was filed with the Internal Revenue

25   Service, and which defendant HAN did not believe to be true and

26   correct as to every material matter, in that on line 6 of his Form

27   1040, defendant HAN reported that his total income for the calendar

28   year 2018 was $301,583, when, in fact, as defendant HAN then knew and

EXHIBIT A
Page 1 of 2

believed, his total income for calendar year 2018 was approximately $861,900.

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MELISSA S. RABBANI
Assistant United States Attorney
Santa Ana Branch Office

2

EXHIBIT A
Page 2 of 2