UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | CR 22-0198-FMO | Date | October 16, 2023 |
|---|---|---|---|

| Present: The Honorable | Fernando M. Olguin, U.S. District Judge |
|---|---|
| Interpreter | None Present |

| Vanessa Figueroa | None Present | Melissa Rabbani, Not Present |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| PETER HAN | NOT | | X | Joshua Ko | NOT | | X |

**Proceeding**    (In Chambers) Order Re: <u>Ex Parte</u> Application [39]

    The court is in receipt of the government's <u>Ex Parte</u> Application for Amended Judgment (Dkt. 39, "Application"). In the Application, the government requests that the Court amend the judgment and commitment order issued on May 18, 2023, to add a restitution order and additional condition of supervised release ordering payment of restitution. (<u>Id.</u> at 2). However, the government's Application provides no authority for the proposition that the court can amend the judgment to include a restitution order outside the 90-day period provided by 18 U.S.C. § 3664(d)(5) – let alone that a court can do so on an <u>ex parte</u> basis. (<u>See</u>, <u>generally</u>, <u>id.</u> at 1-3); <u>see</u> <u>also</u> <u>United States v. Montoya</u>, 2023 WL 5945973, *5 (9th Cir. 2023) (en banc) ("Because a defendant has a right to be present at sentencing to the extent that a fair and just hearing would be thwarted by his absence . . . it follows that a defendant has the right to be present during the oral pronouncement of conditions of supervised release to the extent his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the condition[.]") (internal quotation marks and citation omitted); <u>cf.</u> <u>Dolan v. United States</u>, 560 U.S. 605, 611, 130 S.Ct. 2533, 2539 (2010) (finding that "[t]he fact that a sentencing court misses the statute's 90–day deadline . . . does not deprive the court of the power to order restitution" where, although the restitution amount was not specified, the court made clear prior to the expiration of the deadline that it would order restitution). Accordingly, the court will deny the Application. However, to enable the government to file a properly noticed motion and to give defendant an opportunity to be heard, the court will deny the Application without prejudice.

    Based on the foregoing, IT IS ORDERED THAT the government's Application **(Document No. 39)** is **denied without prejudice**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Deputy Clerk | vdr | |