E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
    U.S. ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    E-mail:   melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-198-FMO |
|---|---|
| Plaintiff, | STIPULATION FOR AMENDED JUDGMENT AND COMMITMENT ORDER |
| v. | |
| PETER HAN, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Melissa Rabbani, and defendant Peter Han, both individually and by and through his counsel of record, Joshua Ko, hereby stipulate as follows:

    1.   Following his guilty plea to one count of subscribing to a false tax return, defendant was sentenced on May 18, 2023, to 24 months of probation.  See Dkts. 16, 36-37.

    2.   As part of the plea agreement defendant signed on March 18,

2022, defendant agreed to permit the Internal Revenue Service ("IRS") to assess and collect from him $471,155, representing the total tax loss of defendant's actions. See Dkt. 4 at 3, 12.

3. The judgment and commitment order issued by the Court on May 18, 2023, requires defendant to "comply with the Department of Internal Revenue Service in the determination and collection of all taxes owed including penalties and interest," and to "truthfully and timely file and pay taxes owed for the years of conviction." Dkt. 37 at ¶¶ 5, 6.

4. Defendant and the IRS have agreed to a payment schedule for defendant's restitution.

5. In order to facilitate collection by the IRS, the parties respectfully request that the Court amend the judgment and commitment order issued on May 18, 2023, to add the following additional term and condition:

    a. It is ordered that the defendant shall pay restitution to the Internal Revenue Service (IRS) in the total amount of $471,155 pursuant to 18 U.S.C. § 3663. Restitution shall be due during the period of community supervision. Beginning 30 days after entry of this amended Judgment and Commitment, defendant shall make nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $200, whichever is greater. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

|   |   |
|---|---|
| 1 | Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on |
| 2 | the restitution ordered is waived because the |
| 3 | defendant does not have the ability to pay |
| 4 | interest.  Payments may be subject to penalties |
| 5 | for default and delinquency pursuant to 18 U.S.C. |
| 6 | § 3612(g). |

7    6.   The Court made clear in the judgment and commitment order
8 that defendant would be required to pay restitution in the form of
9 taxes owed, penalties, and interest to the IRS.  Dkt. 37 at ¶¶ 5, 6.
10 Moreover, in his plea agreement, defendant agreed to pay restitution
11 in the form of taxes owed, penalties, and interest to the IRS – and
12 the plea agreement specified the amount of that restitution as
13 $471,155, representing the total tax loss of defendant's actions.
14 See Dkt. 4 at 3, 12.
15    7.   Thus, defendant has been on notice of, and has agreed to,
16 the restitution amount since he signed his plea agreement.  The
17 government does not believe that the 90-day deadline for ascertaining
18 loss amounts set forth in 18 U.S.C. § 3664(d)(5) is threatened here.
19    8.   The parties are only requesting that the Court amend the
20 judgment and commitment order to specify the previously-agreed-to
21 amount of restitution, as well as the nominal repayment plan agreed
22 to by the parties.  See Dolan v. United States, 560 U.S. 605, 620
23 (2010) (even when loss amount is determined after 90-day deadline,
24 //
25 //
26 //
27 //
28 //

court may "essentially fill in an amount-related blank in a judgment that made clear that restitution was 'applicable.'").

IT IS SO STIPULATED.

Dated: November 28, 2023          /s/ *Melissa S. Rabbani*
                                  MELISSA S. RABBANI
                                  Assistant United States Attorney

                                  Attorney for Plaintiff
                                  UNITED STATES OF AMERICA


Dated: November 28, 2023          /s/ per phone authorization
                                  JOSHUA KO

                                  Attorney for Defendant
                                  PETER HAN